UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                        CRIMINAL ACTION

VERSUS                                                                              No. 11-150

KEVIN PAUL CALMES                                               SECTION I
CALMES MOTORSPORTS, L.L.C.

## ORDER AND REASONS

Before the Court is a motion[1] filed on behalf of defendants, Kevin Calmes and Calmes Motorsports, L.L.C., for a new trial. Defendant, Kevin Calmes, has also filed a motion[2] for release pending appeal. The government opposes both motions.[3] For the following reasons, the motions are **DENIED**.

**I. Motion for New Trial**

Defendants request a new trial pursuant to Federal Rule of Criminal Procedure 33 based on alleged newly discovered evidence. Defendants contend, generally, that they only recently discovered a police report and affidavit in which Stephon Chaney ("Chaney") allegedly reported that he owned and possessed the motorcycle which defendants claim was the subject of counts 3, 4, 5, and 6 of the indictment. Defendants argue that the police report and affidavit show that Chaney falsely testified that he was a nominee purchaser. Defendants further argue that the government knew or should have known that his testimony was false and failed to correct it. The government responds that defendants have not met their burden for obtaining a new trial based on the alleged newly discovered evidence.

---

[1] R. Doc. No. 130.

[2] R. Doc. No. 132.

[3] R. Doc. Nos. 138, 139.

1

Federal Rule of Criminal Procedure 33 provides that, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Motions for a new trial based on newly discovered evidence are "disfavored and reviewed with great caution." *United States v. Wall*, 389 F.3d 457, 467 (5th Cir. 2004) (citations omitted). When the basis of the motion is newly discovered evidence, the defendant must show:

> (1) that the evidence is newly discovered and was unknown to him at the time of trial;
>
> (2) that the failure to discover the evidence was not due to his lack of diligence;
>
> (3) that the evidence is not merely cumulative, but is material; and
>
> (4) that the evidence would probably produce an acquittal.

*United States v. McRae*, --- F.3d ---, 2012 WL 6554691, at *30 (5th Cir. Dec. 17, 2012) (quoting *United States v. Blackthorne,* 378 F.3d 449, 452 (5th Cir. 2004)).[4] "If the defendant fails to demonstrate any one of these factors, the motion for new trial should be denied." *Wall*, 389 F.3d 457 at 467.

The U.S. Court of Appeals for the Fifth Circuit has recognized that if the government used false testimony that it knew or should have known was false, then the standard applied to obtain a new trial for newly discovered evidence is "slightly more lenient." *Id.* at 473; *see also Napue v. Illinois*, 360 U.S. 264, 79 S. Ct. 1173, 3 L. Ed. 2d 1217 (1959). "[T]his standard requires a finding that the testimony in question was 'actually false.'" *Wall*, 389 F.3d at 473. "A new trial based on false testimony is justified if there is *any reasonable likelihood* that the false testimony affected the judgment of the jury." *Id.* (emphasis in original). Although the defendant does not have to show that the evidence would probably produce an acquittal under such

---

[4] As noted by the Fifth Circuit, this rule has been described as having four or five parts. *Wall*, 389 F.3d 457, 467 n.7. "Some statements of the standard combine the element of materiality with whether the evidence is merely impeaching or cumulative." *Id.*

standard, the remaining factors must be met. *Id.* The defendant must still show that (1) that the evidence is newly discovered and was unknown to him at the time of trial; (2) that the failure to discover the evidence was not due to his lack of diligence; and (3) that the evidence is not merely cumulative, but is material. *See id.*

This Court has carefully reviewed the arguments raised by the parties in their memoranda, the evidence submitted at trial, and the law. The Court agrees with the government that even if the police report is "newly discovered," defendants have not shown that the failure to discover the evidence was not due to a lack of diligence, that the evidence is not merely cumulative, but is material, or that the evidence would probably produce an acquittal. Defendants could have discovered the police report prior to trial through an examination of their own records, discovery materials, and particularly through an investigation into the February 20, 2009, "Bill of Sale Power of Attorney," in which Chaney stated that he did "sell and convey[] to American Modern Insurance all of his right, title, and interest in the motorcycle." (internal marks omitted). The police report represents cumulative impeachment evidence that would serve only to impeach Chaney's testimony that he was a nominee purchaser. The Court does not find that this additional item of impeachment evidence "would probably produce an acquittal" in light of the other evidence presented at trial.

The Court similarly finds that a new trial would not be warranted even under the "slightly more lenient" standard applied by the Fifth Circuit. *See Wall*, 389 F.3d at 472-73. As a preliminary matter, the Court does not find that the government knowingly used perjured testimony. The government has affirmatively stated that it did not know of the police report and there is no evidence presented to the contrary. This is also not a case where knowledge of the police report may be imputed to the government and warrant a finding that it should have known of the report. *Cf. United States v. Antone*, 603 F.2d 566, 569 (5th Cir. 1979); *Giglio v. United*

3

*States*, 405 U.S. 150, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972)).  Moreover, defendants have shown, at most, that there is "a mere conflict in evidence," which the Fifth Circuit has recognized "is insufficient to uphold the grant of a Rule 33 motion based on false testimony." *See Wall*, 389 F.3d at 473.  However, even assuming that Chaney's trial testimony was actually false and that the government knew or should have known that it was false, defendants still cannot show that the failure to discover the evidence was not due to a lack of diligence or that the evidence is not merely cumulative, but is material.  *See Wall*, 389 F.3d at 473.  Accordingly, defendants' motion for new trial is **DENIED**

## II.  Motion For Release Pending Appeal

Defendant, Kevin Calmes ("Calmes"), has also filed a motion for release pending appeal on the ground that his appeal raises substantial questions of law or fact.  Applications for release pending appeal are governed by 18 U.S.C. § 3143(b).  To obtain release pending appeal, a convicted defendant must establish four factors:

> (1) that the defendant is not likely to flee or pose a danger to the safety of others;
>
> (2) that the appeal is not for purpose of delay;
>
> (3) that the appeal raises a substantial question of law or fact; and
>
> (4) that the substantial question, if decided favorably to the defendant, is likely to result in reversal, in an order for a new trial, in a sentence without imprisonment, or in a sentence with reduced imprisonment.

*United States. v. Clark*, 917 F.2d 177, 179 (5th Cir. 1990) (interpreting 18 U.S.C. § 3143(b)).

In this case, the parties agree that Calmes is not likely to flee or pose a danger to the safety of any other person or the community.  The parties also agree that defendant's appeal has not been taken for the purpose of delay.  With respect to the third and fourth factors, Calmes contends that several substantial questions of law or fact exist in this case, including:

    (a) whether Chaney's testimony was false;

    (b) whether there was insufficient evidence that Calmes had knowledge that Luke Matthews purchased a motorcycle with proceeds of narcotics trafficking;

    (c) whether there was insufficient evidence that Calmes was responsible for filing a Form 8300 or that he was required to file a Form 8300 with respect to the Luke Matthews transaction;

    (d) whether there was insufficient evidence that Calmes intended to unlawfully structure a transaction to avoid a reporting requirement;

    (e) whether IRS Publication 1544 authorized the conduct;

    (f) whether the conduct was lawful in light of the relevant sales tax laws; and

    (g) the effect of the jury's acquittal with respect to the conspiracy charged in Count 1 of the indictment.

The government responds that these questions are not substantial for many of the same reasons it expressed in its opposition to defendants' motions for acquittal and new trial.

"The Fifth Circuit has defined a 'substantial question' as (1) a question that is novel, has not been decided by controlling precedent, or which is fairly doubtful, (2) a close question that could be decided the other way, or (3) a question that raises 'a substantial doubt (not merely a fair doubt) as to the outcome of its resolution.'" *United States v. Brown*, No. 01-004, 2001 WL 812083, at *1 (E.D. La. July 18, 2001) (Clement, J.) (citing *United States v. Valera–Elizondo*, 761 F.2d 1020, 1023–24 (5th Cir. 1985)); *see also United States v. Cleveland,* 1997 WL 714861 (E.D. La. Nov. 14, 1997) (Vance, J.)). Whether a question is substantial must be decided on a case-by-case basis. *Valera-Elizondo*, 761 F.3d at 1024.

    The Court agrees with the government that defendant's appeal does not raise any substantial questions of law or fact. Accordingly, it is ordered that defendant's motion for release pending appeal is **DENIED**.

**IT IS FURTHER ORDERED** that the defendant shall surrender himself to the U.S. Attorney General by reporting to the designated facility of the U.S. Bureau of Prisons on **Tuesday, February 5, 2013, before noon**.

New Orleans, Louisiana, January 30, 2013.

                                        **LANCE M. AFRICK**
                                  **UNITED STATES DISTRICT JUDGE**